IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,747-02






EX PARTE JAMES ANTHONY WARREN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W86-83863-N(A) IN THE 194th DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child under fourteen and sentenced to twenty years' imprisonment. The Fifth Court of Appeals
affirmed his conviction. Warren v. State, No. 05-86-00646-CR (Tex. App.- Dallas, March 17, 1987,
no pet.). 

 Applicant contends, inter alia, that the complainant in this cause was forced by police
detectives to say that Applicant sexually abused her. The Applicant further contends that the
complainant has recanted her testimony accusing Applicant of committing this crime. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. Generally, the trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). However, in this case, the trial
court shall hold a live hearing to determine the validity of Applicant's claim, and the credibility of
the complainant's recantation.

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
complainant in this cause has recanted her testimony accusing Applicant, whether her recantation
is credible, and when the recantation first occurred. If the trial court finds that the recantation is
credible, the court shall make findings of fact and conclusions of law as to why the complainant
made the initial accusation against Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 7, 2007

Do not publish